Matter of the Estate of JOHN JUSSILA, Deceased.

(Surrogate's Court, New York County, October, 1918.)

Wills — application for temporary letters of administration denied —
    proper procedure where papers purporting to be wills are not filed —
    Code of Civil Procedure, § 2607.

   Where it is alleged that the paper referred to in an application for temporary letters of administration as decedent's last will and testament is in the custody of an attorney who though he had exhibited had neglected to file it, and there is another paper purporting to be a will of decedent in a private safe, and no explanation is given why an order for the deposit thereof has not been obtained, the application does not come within section 2596 of the Code of Civil Procedure and will be denied.

   The proper procedure is under section 2607 of said Code to compel the production of the paper alleged to be in the custody of the attorney, or that the will alleged to be in the safe be filed in the Surrogate's Court.

APPLICATION for letters of temporary administration.

Katz & Sommerich (Frederick L. Cramer, of counsel), for petitioner.

Surrogate's Court, New York County, October, 1918.    [Vol. 104.

Fowler, S.   This is an application for letters of temporary administration made by a sister of the deceased, who died on September 23, 1918, a resident of this county.   The petitioner alleges that the said John Jussila left a paper purporting to be a last will and testament, " but which paper your petitioner does not believe to be a will of decedent."   No will has been filed in this court or in a Surrogate's Court of any other county.   The paper referred to is alleged to be in the custody of an attorney in Brooklyn, which he has neglected to file, although he is alleged to have exhibited the same.   There is another paper purporting to be a will of the deceased in a private safe.   No explanation, however, is given why an order for the deposit of the latter instrument in this court has not been obtained.   In short, upon an application of expected delay in future probate proceedings alone an *ex parte* application is made for temporary administration.   In my opinion, this application does not come within the provisions of section 2596 of the Code of Civil Procedure, and the same is denied.   The petitioner should bring a proceeding, under section 2607 of the Code of Civil Procedure, to compel the production of the instrument alleged to be in the custody of the attorney in Brooklyn, or, if she is otherwise advised, the will alleged to be in a private safe should be filed in this court.   In either of the latter events the application can be then made *de novo.*

Decreed accordingly.