**In re SAN JUAN GOLD, Inc.**
No. 270.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

Gilbert V. Becker, pro se.
Francis I. Howley, of Washington, D. C., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

About six months prior to the institution of reorganization proceedings under section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207, the appellant was retained as attorney to defend an action brought against the debtor in a state court. In this capacity he was given possession of the corporation's minute book and other papers pertinent to the litigation. In the debtor's petition for reorganization the appellant was listed as a creditor in the estimated amount of $500 for legal services in the still pending action. Thereafter the debtor's trustee, alleging that the book and papers retained by Mr. Becker were essential to the proper conduct of the debtor's business, sought an order to compel him to surrender them. He asserted a lien thereon for fees in the sum of $1,000. Without taking evidence as to the value of the services or providing security for payment of them, the District Court directed that the documents be turned over to the debtor's trustee. An appeal from the order was allowed by this court.

An attorney has a lien for fees upon papers of his client which come into his possession in the course of his professional employment, and such lien is not invalidated by the bankruptcy of the client. The Flush, 2 Cir., 277 F. 25; In re Badger, 2 Cir., 9 F.2d 560; Underhill v. Jacob Doll & Sons, 2 Cir., 69 F.2d 519; In re Allied Owners, 2 Cir., 72 F.2d 255. As explained in The Flush, supra, the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client. Where the client or some one representing him has a pressing necessity for them, the court will order them delivered up upon condition that the fee be paid or security given for such sum as may be found to be due. In the case at bar the trustee argues that the debtor has insufficient funds either to pay or to provide security for the appellant's fee. The record contains no evidence that the debtor is without funds, but however this may be, the fact is immaterial. Nor is it material that the debtor's reorganization proceedings may be thwarted, if access to the papers is denied. The attorney's lien cannot be disregarded merely because the pressure it is supposed to exert becomes effective.

Cf. Davis v. Davis, 90 F. 791, C.C.Mass. If it is worth anyone's while to have the 77B proceedings continue and the papers are essential to that end, the necessary funds to obtain their release may be forthcoming; if not, the debtor and its trustee must do without them.

Finally, it is argued that adequate security will be provided by making the attorney's fee a preferred claim in any plan of reorganization which may be confirmed, as the District Judge stated he would do. The order appealed from contains no such provision; if it had, this would have furnished no adequate security. There is no assurance that a plan will ever be confirmed, and the appellant, after having been compelled to part with his papers, would then be left with no leverage to force payment of his fees. See The Flush, supra.

The order is reversed.