In the Matter of the Estate of Rose Reiss, Deceased.

Surrogate's Court, Queens County, August 27, 1951.

*George Chernoff* for David Garfein, petitioner.

*Herman Koenigsberg,* respondent in person.

SAVARESE, S. Decedent's son petitions under section 137 of the Surrogate's Court Act to compel respondent, an attorney, to produce a will. Petitioner and his father, decedent's husband, are alleged to be her closest kin. Respondent's answer admits possession of a will, but asserts as an affirmative defense that he has a lien thereon for the value of his legal services in preparing the same. The legal sufficiency of this defense is determinative of the proceeding, as the essential facts are conceded.

Research of court and counsel have failed to disclose any judicial authority in this State upon the precise question presented. Several text writers state that an attorney's lien does not extend to his client's will. (1 Williams on Executors [12th ed.], p. 198; 2 Schouler on Wills, Executors and Administrators [6th ed.], p. 829, § 730, note 5.) They rely on several English cases, namely: *Georges* v. *Georges* (18 Ves. 294 [Chancery, 1811]); *Balch* v. *Symes* (Turn. & Russ. 87 [Chancery, 1823]), and *Ex Parte Law* (2 Ad. & El. 45 [Kings Bench, 1834]). The only American case seems to be *Matter of Bracher* (60 N. J. Eq. 350 [Prerog. 1899]) which squarely holds that an attorney may not withhold the will of his deceased client from the probate court despite his claim of lien.

In New York an attorney has a general, possessory, common-law retaining lien upon all the papers and property of his client in his possession. (*Matter of Heinsheimer,* 214 N. Y. 361.) Although ordinarily an attorney may not be compelled to surrender the liened papers without payment in full, '' where the retention of papers by an attorney serves to embarrass a client the attorney should be required to deliver up the papers upon receiving proper security for his compensation, because insistence upon his lien under such circumstances is not in accordance with the standard of conduct which a court may properly require of its officers.'' (*Robinson* v. *Rogers,* 237 N. Y. 467, 473, quoted and followed in *Leviten* v. *Sandbank,* 291 N. Y. 352, 357.)

There seems to be no exception to the type of paper which may be subjected to the lien. (See *Goldman* v. *Rafel Estates,* 269 App. Div. 647; *Matter of Makames,* 238 App. Div. 534; *Matter of Sebring,* 238 App. Div. 281, and *Matter of Nittoly,* N. Y. L. J., Nov. 25, 1949, p. 1383, col. 4.) No good reason exists why a retaining lien should not apply to a will while the client is living. The decided cases all involve papers equally important to the client. Upon the client's death, however, the situation is changed. It then becomes the legal obligation of anyone in possession of a will to produce it in court for filing. (Surrogate's Ct. Act, § 137; Penal Law, § 2052; *Scholen* v. *Guaranty Trust Co.,* 288 N. Y. 249; *Matter of Jussila,* 104 Misc. 579; see 2 Warren's Heaton on Surrogates' Courts, § 163, par. 2.) Respondent is asserting his lien, not against his client, who is dead, nor against petitioner, who does not seek possession thereof, but against the court. Petitioner is not liable to respondent for his fee; the estate is. The only way respondent may be compensated is by filing a claim with the legal representative of his client's estate when appointed. His conduct is blocking that very condition precedent to the satisfaction of his claim. Respondent's retaining lien must yield to the public policy of the State requiring the filing of wills of deceased persons.

Respondent claims that decedent left " no monetary estate " and that therefore the filing of a claim would be futile. Even if that be true, and petitioner does not concede that it is, deceased may have left an estate consisting of property other than money. If the will is at all effective to dispose of property respondent will be amply protected by filing his claim. In any event, he cannot thwart the orderly administration of justice by withholding the decedent's will from the court. Petition granted. Submit order on notice.