**In re LIFE IMAGING CORPORATION, a Colorado corporation, fka Life Instruments Corporation, Federal I.D. No. 84–0740114, Debtor.**

**Bankruptcy No. 83 B 01882 J.**

United States Bankruptcy Court, D. Colorado.

June 30, 1983.

Susan Ragsdale, of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Gorsuch, Kirgis.

Howard J. Beck, Denver, Colo., for debtor.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Protective Order filed by Gorsuch, Kirgis, Campbell, Walker and Grover (Gorsuch, Kirgis). At the hearing on May 31, 1983, Susan Ragsdale, Esq. represented Gorsuch, Kirgis and Howard Beck, Esq. represented the Debtor.

Gorsuch, Kirgis is owed approximately $85,000.00 for legal services rendered to the Debtor prior to the filing of the petition herein. It asserts an attorney's lien, pursuant to C.R.S.1973, Sec. 12–5–119 and 12–5–120, on files of the Debtor in its possession for the balance due on attorney's fees. By letter of May 6, 1983, the Debtor requested Gorsuch, Kirgis to turnover the Debtor's files to its bankruptcy counsel. Gorsuch, Kirgis retained possession of the files and filed this motion, which is in the nature of a request for adequate protection under 11 U.S.C. §§ 363(e) and 361.

Gorsuch, Kirgis asserts that it has a valid statutory lien under Colorado law, which survived the filing of bankruptcy by the Debtor and which cannot be voided by any provision of the Code. It acknowledges that the Court may order the turnover of the files pursuant to 11 U.S.C. § 542(e), however, it maintains that, in the event turnover is ordered, it is entitled to adequate protection of its lien, which it values at $85,000.00. Gorsuch, Kirgis has requested a replacement lien on the Debtor's unencumbered assets or an administrative expense priority as adequate protection for its interest.

The Debtor argues that the legislative history of § 542(e) demonstrates the intent by Congress to void these types of statutory retaining liens, and that, therefore, Gorsuch, Kirgis should not be considered a secured creditor and is not entitled to adequate protection. However, should the Court determine that Gorsuch, Kirgis is a secured creditor, the Debtor contends that the extent of its secured claim should be limited to the value of the files in its possession. The Debtor argues that the files are not worth $85,000.00. The Debtor proposes that the Court order Gorsuch, Kirgis to maintain possession of the files and allow the Debtor's present counsel to examine them and copy any necessary materials.

■ The validity and extent of an attorney's lien in bankruptcy is determined by state law. *In re Campbell,* 26 B.R. 145 (Bkrtcy.Colo.1983). The statutory attorney's lien asserted by Gorsuch, Kirgis arises from C.R.S. § 12-5-120 which provides:

> An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment and upon money due to his client in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

Section 12-5-120 gives an attorney the right to retain all papers and documents which come into his possession in the course of his professional employment until the

general balance due him for legal services is paid. *Donaldson v. Gaudio,* 260 F.2d 333 (10th Cir.1958).

■ An attorney's lien which is valid under state law is not extinguished when the client files bankruptcy. *Browy v. Brannon,* 527 F.2d 799 (7th Cir.1976). Further, there is no provision in the Bankruptcy Code for the voiding of a valid statutory attorney's lien. *See* 11 U.S.C. § 547(c)(6) and § 545. Although § 542(e) provides that the Court · *may* order turnover of files in the possession of an attorney, it does not state that attorneys' retaining liens are to be voided. When the Code drafters meant to provide that a lien could be voided, they explicitly so stated. *See, e.g.,* 11 U.S.C. § 545, § 522(f).

■ The legislative history states that § 542(e) "is a new provision that deprives accountants and attorneys of the leverage that they have today, under State law lien provisions to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate." House Report No. 95–595, 95th Cong., 1st Sess. 369–70 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 84 (1978), U.S.Code Cong. & Admin.News 1988, p. 5787, 6325. The Debtor argues that this language demonstrates Congress' intent to void state attorney's liens of this nature. The Court disagrees, however, and concludes that the legislative history quoted above merely indicates that Congress desired to deprive attorneys of the ability to receive payment *in full prior* to turning over information which is necessary to the administration of the estate. *In re Beef 'N Burgundy, Inc.,* 21 B.R. 69 (Bkrtcy.N.D.Ga. 1982). This conclusion is consistent with the overall scheme of the Code in which a debtor is allowed to use property in which other parties claim an interest, if adequate protection of that interest is provided. Accordingly, Gorsuch, Kirgis is entitled to adequate protection of its interest in the Debtor's files, if it is required to turn them over to the Debtor. § 363(e).

The interest of Gorsuch, Kirgis in the files is difficult to quantify. The files

themselves are valueless in the hands of Gorsuch, Kirgis. However, "the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client." *In re San Juan Gold, Inc.,* 96 F.2d 60 (2nd Cir. 1938). Still, it would be overvaluing Gorsuch, Kirgis' interest in the Debtor's property to provide them a replacement lien on unencumbered collateral for the full amount of their unpaid fees under § 361(2). The Debtor's counsel stated at the hearing that the files were not that valuable to the Debtor and that the Debtor would make do without them rather than provide an $85,-000.00 replacement lien.

■ An alternate form of adequate protection under § 361 is to require the debtor to make cash payments to a creditor to the extent that the use of the property results in a decrease in the value of the creditor's interest in the property. § 361(1). This form of adequate protection can be used in this case to assure protection of Gorsuch-Kirgis' lien and at the same time allow the Debtor access to documents which are necessary for the administration of its estate. The Court will order that the Debtor be allowed to examine the files in the possession of Gorsuch-Kirgis to determine which documents it needs. For each document copied or taken by the Debtor from Gorsuch-Kirgis' files, the Debtor will be required to make a cash payment to Gorsuch-Kirgis in an amount equal to the decrease in the value of Gorsuch-Kirgis' interest. The decrease in value of Gorsuch-Kirgis' interest shall be deemed to be that portion of unpaid attorney's fees attributable to the creation of the specific documents involved. It is, therefore,

ORDERED that the Debtor shall be allowed to examine the files in the possession of Gorsuch-Kirgis.

FURTHER ORDERED that the Debtor make cash payments to Gorsuch-Kirgis to compensate for the decrease in value of their retaining lien, as provided in § 361(1) and in accordance with this Order, in a total amount to be approved by the Court upon agreement of the parties or as established by a future hearing in this Court.

FURTHER ORDERED that Gorsuch-Kirgis will be granted an administrative expense priority for the costs it incurs in making the files available to the Debtor for inspection.

FURTHER ORDERED that the Debtor shall have 20 additional days from the date of this Order in which to file its Schedules and Statement of Affairs.