**TRI–EX ENTERPRISES, INC., Plaintiff,**

v.

**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Federal Republic of Nigeria and Central Bank of Nigeria, Defendants,**

v.

**Alan LONDON and Lime International Corporation, Third-Party Defendants.**

No. 80 Civ. 3856 (WCC).

United States District Court,
S.D. New York.

April 30, 1984.

Breed, Stairs & Berger, Attorneys for Plaintiff, New York City, for plaintiff; Andrew Berger, New York City, of counsel.

Lowe & Knapp, Lowe & Knapp, Esqs., New York City, for third-party defendants; Robert P. Knapp, Jr., New York City, of counsel.

Halley & Chalos, New York City, for defendants Republic of Nigeria and Central Bank of Nigeria; Michael G. Chalos, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for third-party defendant Alan London; Terry Stoltz, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiff Tri-Ex Enterprises, Inc. ("Tri-Ex") has applied to the Court for an Order compelling production by Lowe & Knapp, Esqs. ("L & K") of certain documents within their possession (the "London Documents") belonging to third-party defendant

Alan London ("London"). L & K, London's former counsel in this action, have asserted an attorney's lien on these documents in an attempt to secure payment of $30,580.45 in fees and disbursements allegedly owed by London to L & K. The Court has previously ordered that L & K permit attorneys for Tri-Ex and defendant Morgan Guaranty Trust Company of New York ("Morgan") to examine, but not copy, the London Documents. Tri-Ex makes the instant application following such a review. For the reasons stated below, the motion is granted.

The Court readily acknowledges the settled principle that an attorney may claim a lien for unpaid fees on a client's papers which came into the attorney's possession as a result of his professional representation of his client. *See Pomerantz v. Schandler,* 704 F.2d 681, 683 (2d Cir. 1983). The purpose of such a lien is to prevent the client from refusing to pay charges justly due. *Id.* Because the lien would lose its force if the client were permitted to use the papers held by the attorney, a court may require the attorney to release the papers to the client only if the parties settle their fee dispute or the client posts adequate security for payment.[1] *See id.* Indeed, failure to follow these limitations strictly is an abuse of discretion. *Id.*

The instant application is unusual in that the client's adversary, not the client, seeks documents subject to the attorney's lien. In this situation, the rationale underlying the general inviolability of an attorney's lien does not apply. As explained by the Second Circuit, "the right to retain the papers is valuable to the attorney in proportion as denial of access to them causes inconvenience to the client." *Id., quoting In re San Juan Gold Inc.,* 96 F.2d 60, 60–61 (2d Cir.1938). Where the adversary has access to documents to which the client does not, the inconvenience to the client is

---

1. A narrow exception from these requirements exists where the client has an urgent need for the papers to defend a criminal prosecution where he will be seriously prejudiced by the withholding of them, and where he lacks the means to pay the outstanding fee. In this in-

stance, the Court may balance the competing interests and in its discretion order the release of the papers on reasonable conditions without requiring the client to post security. *See Pomerantz,* 704 F.2d at 683.

increased, thereby enhancing the value of the lien.

 Moreover, it would be inequitable to deny a litigant access to relevant, and perhaps essential, proof merely because his adversary has refused to pay his attorney's fees. Here, counsel for Tri-Ex and for Morgan have examined the documents held by L & K and determined that they are highly relevant to certain issues in this lawsuit and offer support for their respective claims. Although I do not suggest that London has refused to pay L & K intentionally to suppress the information contained in those documents, that would be the necessary effect if Tri-Ex and Morgan were denied use of the documents in view of L & K's objections. It would be strange indeed if one could insulate himself from proof tending to establish his liability to another by placing that proof in the hands of an attorney and then refusing to pay the attorney's charges.[2] Accordingly, for these reasons, I hereby order that L & K produce, at plaintiff's expense, those London Documents designated by plaintiff.[3]

 London's request that he be provided with copies of the documents made available to Tri-Ex and other parties is, however, denied. This attempt to destroy the value of L & K's lien by riding on the coattails of Tri-Ex cannot be squared with the very strict view in this Circuit concerning the impenetrability of an attorney's lien. While there is in one sense some unfairness about letting all parties except London have access to the London Documents, London has it within his power to rectify that imbalance either by resolving his fee dispute with L & K or by posting security to cover L & K's claim. If this is inconvenient or unfair to London, it is merely the intended effect of the attorney's lien. Accordingly, except for viewing the documents when he is being questioned about them during his deposition or at trial,

London will be denied access to the documents subject to L & K's lien unless he satisfies either of the two conditions noted above. The other parties to this action are directed not to make copies of the documents available to London or his present counsel without further order of this Court.

SO ORDERED.

---

2. At this point, I obviously express no view concerning whether the London Documents tend to demonstrate what Tri-Ex and Morgan believe they will show.

3. Defendants Federal Republic of Nigeria and Central Bank of Nigeria join in plaintiff's motion and are to be treated similarly.