In re the MARRIAGE OF Kathy
WEYDERT, Appellee,

and

James C. Weydert,

concerning Stuart A. Kritzer,
Lien-Claimant-Appellant.

No. 84CA0475.

Colorado Court of Appeals,
Div. III.

June 20, 1985.

Polidori, Rasmussen, Gerome and Jacobson, Gary L. Polidori, Lakewood, for appellant.

Isaacson, Rosenbaum & Friedman, P.C., Sheldon E. Friedman, Denver, for appellee.

BABCOCK, Judge.

Stuart A. Kritzer, husband's former attorney in this dissolution of marriage action, appeals from an order which determined that his lien for unpaid attorney fees is subordinate to the interest of third persons, not parties to this action. We reverse.

In 1981, husband, James C. Weydert, entered into an agreement with the law firm of Kritzer & Chalat under which the firm agreed to represent husband in his dissolution of marriage action. After performing legal services for husband during the initial stages of the dissolution proceeding, the firm withdrew from the case and filed a lien for unpaid attorney fees along with a motion for judgment on that lien. The trial court granted the firm's motion and entered judgment in its favor and against husband in the amount of $17,375.52. A transcript of the judgment was recorded in Jefferson County, where the husband's and wife's residence is located.

Subsequently, the spouses' marriage was dissolved. In the permanent orders, the trial court determined that a promissory note in the amount of $96,000 signed by husband and wife and payable to wife's parents, Jim P. and Lorene E. Mola, represented a loan which was not secured by an encumbrance on the residence. However, the trial court ordered that the residence be sold and that the note be repaid from the proceeds of the sale.

Kritzer, successor to the firm of Kritzer & Chalat, then filed a "Motion to Intervene, for Clarification of the Court's Order and to Alter or Amend Judgment," claiming priority in the proceeds from the sale of the residence. The trial court denied that motion, ruling that the Molas have an interest in the residence as a result of their loan to husband and wife and that their interest was entitled to priority over that of Kritzer.

On appeal, Kritzer contends that the trial court erred in determining that the Molas have a superior right to the proceeds from the sale of the residence. We agree.

A court may not adjudicate the rights of persons not actually or constructively before it. *See Stewart v. United States*, 242 F.2d 49 (5th Cir.1957); *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 515 P.2d 632 (1973); *Weber v. Williams*, 137 Colo. 269, 324 P.2d 365 (1958).

Kritzer's motion requested a determination as to *his* rights in the *proceeds* from the sale of the residence. Since an attorney's charging lien may be enforced in the action which gave rise to the lien, *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977); *In re Marriage of Mann*, 697 P.2d 778 (Colo.App.1984), it was unnecessary for Kritzer to seek leave to intervene, and he was properly before the trial court. The Molas, however, were not in any way made parties to this action. The trial court, therefore, had authority to adjudicate Kritzer's rights as against husband and wife in property subject to its jurisdiction, but erred in determining the Molas' rights, if any, in this property.

The record does not disclose any other valid, enforceable interest in the residence, other than that of the parties to this action. Kritzer's charging lien was perfected and reduced to judgment, a transcript of which was duly recorded. Thus, Kritzer is entitled to enforcement of his rights as a judgment creditor in the pro-

ceeds from the sale of the parties' residence. *See In re Marriage of Mann, supra.*

Accordingly, the trial court's order is reversed and the cause is remanded with direction to proceed in accordance with the views expressed herein.

VAN CISE and TURSI, JJ., concur.