Sven **JERNRYD**, as Administrator of the bankrupt estate of Aktiebologet Mercandia, and Carl Persson, Plaintiffs,

v.

Lars Ivar Lennart **NILSSON**, et al., Defendants.

No. 84 C 7551.

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1987.

Janet M. Koran, Gary L. Prior, Steven P. Handler, McDermott, Will & Emery, Chicago, Ill., for plaintiffs.

John G. Jacobs, Plotkin & Jacobs, Ltd., Chicago, Ill., for appellant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

The law firm of Plotkin & Jacobs appeals Magistrate Weisberg's order compelling the firm to produce documents over which the firm asserts a valid retaining attorneys' lien. We deny the firm's appeal because the documents are needed by third parties for use in litigation not involving the disputed fees and because barring these parties from access to the documents would thwart discovery in that matter. We therefore allow the third parties access to said documents upon the terms and conditions imposed by Magistrate Weisberg and the objections are overruled.

### FACTS

In our memorandum and order dated December 3, 1986, this court provided a detailed account of the factual and procedural history of *Jernryd v. Nilsson*, No. 84 C 7551, which underlies the current dispute. [Available on WESTLAW, DCT database] We incorporate this history and draw upon it for purposes of the present motion. Sven Jernryd and Carl Persson, who are plaintiffs in the underlying suit, subpoenaed documents from Plotkin & Jacobs, a law firm that previously represented Richard Stone, a/k/a Bjorn Borjhagen. Stone was originally named as a defendant in the *Jernryd* litigation, but was later dismissed. Plotkin & Jacobs ("the firm") objected to compliance with the subpoena on the grounds that they retained a valid attor-

neys' lien on the documents plaintiffs sought. Plaintiffs then moved to compel, arguing that because they do not owe the firm money they should not be denied access to Mr. Stone's documents for use in their litigation. Magistrate Weisberg accepted this argument and granted plaintiffs' motion to compel on March 11, 1987. The firm appealed the magistrate's ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which covers non-dispositive pretrial proceedings conducted by magistrates. They assert that Magistrate Weisberg's order to produce Stone's documents is contrary to the law in the Seventh Circuit Court of Appeals. Accordingly, the firm moves for denial of plaintiffs' motion to compel.

## DISCUSSION

### I. Standard of Review

█ Plaintiffs urge this court to apply a clearly erroneous standard in reviewing Magistrate Weisberg's order. The firm asserts, instead, that the magistrate's order is entitled to no deference at all because the order represents simply the magistrate's view of the law. Because Magistrate Weisberg's order is based upon legal conclusions and not on his findings of fact, the clearly erroneous standard does not apply and the scope of our review on this motion is plenary.

### II. Attorneys' Retaining Lien

█ It is well settled that an attorney may retain a client's papers and other property obtained in the course of legal representation as security for payment of fees. *Lucky–Goldstar v. International Mfg. Sales Co.,* 636 F.Supp. 1059, 1061 (N.D.Ill. 1986). A retaining lien prevents the client from using the materials held by the attorney until either the parties settle their fee dispute or the client posts adequate security for payment. *Id.; Upgrade Corp. v. Michigan Carton Co.,* 87 Ill.App.3d 662, 664–65, 43 Ill.Dec. 159, 161, 410 N.E.2d 159, 161 (1st Dist.1980). The purpose of the lien is to prevent the client from refusing to pay charges justly due. In the present case, the validity of the firm's re-

taining lien is not in dispute. The only issue before this court is whether the firm's retaining lien is enforceable against plaintiffs Jenryd and Persson, who are not parties to the fee conflict.

The firm asserts that the Seventh Circuit Court of Appeals has established unequivocally that an attorneys' lien is enforceable against third parties, *citing Browy v. Brannon,* 527 F.2d 799, 801 (7th Cir.1976). The court in *Browy,* however, articulated this third party rule in the context of a bankruptcy proceeding in which the court noted the special function of the bankruptcy trustee. Indeed, the *Browy* court did not simply hold the attorneys' lien enforceable against third parties, but instead balanced the attorneys' right to payment against "the needs of the judicially supervised bankruptcy proceeding," *id.* at 800, and allowed the third party bankruptcy trustee access to the documents. *Id.* at 802.

More recently, other courts have balanced the rights of attorneys holding retaining liens against issues of public policy and have allowed parties access to documents held by attorneys with valid retaining liens. *See, e.g., Lucky–Goldstar,* 636 F.Supp. at 1064 (production of documents required upon posting of bond); *New World Marketing Corp. v. Garcia,* 76 B.R. 68, 69 (E.D.Pa.1987) (Federal Rules policy of open discovery outweighs enforcement of lien). In the present case we must balance the firm's right to withhold production of the Stone documents by virtue of their attorneys' lien against policies favoring unencumbered discovery proceedings and the equitable administration of justice.

█ The firm asserts that Stone and plaintiffs conspired to avoid enforcement of the lien. As evidence of this collusion the firm notes that Stone authorized production of all of his documents. The facts in the record, however, are insufficient to support the firm's claim. Aside from the exchange of broad charges and denials, the record contains no factual evidence concerning the nature of the relationship between Stone and plaintiffs, or Stone's possible motives for acting in concert with plain-

tiffs. Stone was no longer a party in the *Jernryd* litigation when this dispute arose and, without more information, it is unclear precisely where his interests in that litigation lie. Further, while this information may shed light upon the various interests at stake, we follow the reasoning of other courts in concluding that such information is of limited relevance in our weighing of plaintiffs' discovery rights against the right of the firm to protect its lien. *See, e.g., New World Marketing Corp.,* 76 B.R. at 70 (parties' relationships considered yet not controlling); *Tri–Ex Enterprises v. Morgan Guaranty Trust,* 583 F.Supp. 1116, 1118 (S.D.N.Y.1984) (same). The record does not indicate that the firm's refusal to produce Stone's documents will in any way inconvenience Stone and therefore provide the leverage contemplated by the retaining lien rule to encourage Stone to pay his fees. Instead, preventing plaintiffs Jernryd and Persson from reviewing the Stone documents would frustrate discovery in a wholly different manner.

We conclude that Magistrate Weisberg ordered limited disclosure for the proper reasons and devised the way to make the Stone documents available in the Jernryd litigation, without unnecessarily impinging upon the rights of the parties to the fee dispute.

## CONCLUSION

For the foregoing reasons, Plotkin & Jacobs' objections to Magistrate Weisberg's order are overruled and that order is affirmed in all respects.