**In re the MARRIAGE OF Thomas W. BERKLAND, and Gisela H. Berkland, Appellees,**

**and Concerning**

**James L. Treece, P.C., Lien Claimant–Appellant.**

**No. 86CA1803.**

Colorado Court of Appeals, Div. III.

Sept. 15, 1988.

No appearance for appellees.

Treece, Bahr & Arckey, James L. Treece, Littleton, for lien claimant-appellant.

KELLY, Chief Judge.

The lien claimant, James L. Treece, P.C. (Treece), appeals the order of the trial court denying enforcement of its attorney's lien pursuant to § 12–5–119, C.R.S. (1985 Repl.Vol. 5). Treece contends that the trial court erred in ruling that the lien failed to survive its client's discharge in bankruptcy. We agree and, therefore, set aside the order.

Beginning in January 1983, Treece represented Thomas W. Berkland (petitioner) in the dissolution of marriage action underlying this appeal. The trial court entered temporary orders on December 3, 1984, *nunc pro tunc* November 29, 1984. It noted that the parties anticipated a substantial tax refund and ordered that the proceeds be placed in escrow pending distribution at the time of entry of permanent orders. In December 1984, these proceeds in the amount of approximately $8,000 were placed in a certificate of deposit account controlled by Treece.

Meanwhile, on November 26, 1984, the petitioner had filed a Chapter 13 petition in bankruptcy court and was represented by Treece there also. Problems soon developed between Treece and the petitioner, however. On April 17, 1985, Treece filed a notice of attorney's lien in the trial court, pursuant to § 12–5–119, C.R.S. (1985 Repl. Vol. 5), for fees accrued in the dissolution action in the amount of $2,016.82. Shortly thereafter, Treece was granted leave to withdraw as counsel and, on August 12, 1985, moved for a determination and enforcement of the attorney's lien. The trial court declined to rule on this motion because of the petitioner's pending bankruptcy and the issuance of the automatic stay.

The petitioner's bankruptcy was later converted to a Chapter 7. He amended his schedules to include Treece as an unsecured creditor in the amount of $2,016.82, showing the debt had been incurred prior to the bankruptcy. The bankruptcy court entered an order granting discharge to the petitioner under Chapter 7 of the Bankruptcy Code on March 21, 1986.

The following month, the trial court held a hearing on the permanent orders. Treece received no notice of the hearing, however, and did not attend. On May 2, 1986, *nunc pro tunc* April 17, 1986, the trial court issued permanent orders directing, among other things, that $7,000 of the tax refund proceeds be paid to Gisela H. Berkland (respondent) and that the balance, amounting to approximately $1,538 including interest, be paid to the petitioner. Asserting its attorney's lien, Treece paid over only $5,340 to the respondent. It moved to amend the orders and sought a determination from the trial court as to the validity of its attorney's lien.

After a hearing on this new motion, the trial court issued the order from which Treece appeals. The trial court found that, in the course of its representation of the petitioner, Treece filed for and obtained a tax refund in the amount of approximately $8,000 and had filed its notice of attorney's lien against these proceeds, pursuant to § 12–5–119, C.R.S., for $2,016.82. The trial court concluded, however, that because

Treece had failed to file any objection to discharge in petitioner's bankruptcy case, petitioner's debt to Treece was discharged along with all of petitioner's other debts. Therefore, Treece no longer had a valid, enforceable lien against the tax refund proceeds.

Treece contends that the trial court erred in ruling that the attorney's lien was extinguished by petitioner's discharge in bankruptcy. We agree. Although the lien was unperfected as to third parties and therefore avoidable by the petitioner in his bankruptcy, because neither the petitioner nor the bankruptcy trustee took any affirmative act to avoid the lien, it survived the bankruptcy and is enforceable against the tax refund proceeds.

In bankruptcy, the nature, extent, and validity of statutory liens, including attorney's liens, are matters governed by state law. *In re Pierce*, 809 F.2d 1356 (8th Cir.1987); *In re Life Imaging Corp.*, 31 B.R. 101 (Bankr.D.Colo.1983). An attorney's lien that is valid according to state law is not extinguished when the client files bankruptcy. *Browy v. Brannon*, 527 F.2d 799 (7th Cir.1976); *In re Life Imaging, supra.*

In certain cases, the bankruptcy trustee may avoid the fixing of a statutory lien on the debtor's property if the lien "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 545(2) (1982 and Supp.1986). Thus, to the extent a statutory attorney's lien is not perfected or enforceable, the trustee can avoid the lien under 11 U.S.C. § 545(2). *In re Pierce, supra; In re Marlin Oil Co.*, 67 B.R. 284 (Bankr.D.Colo.1986).

Under Colorado law, an attorney's lien is statutory in nature, and no attorney's lien exists apart from statute. *In re Marriage of Rosenberg*, 690 P.2d 1293 (Colo.App.1984). Under § 12–5–119, C.R.S. (1985 Repl.Vol. 5), attorneys have a "charging lien" which begins to accrue from the moment of commencement of services. *In re Marriage of Smith*, 687 P.2d 519 (Colo.App.1984).

The attorney's lien attaches automatically to any monies or property due or owing to the client on any judgment the attorney may have obtained or assisted in obtaining to the extent of the attorney's reasonable fees remaining due and unpaid. *People ex rel. MacFarlane v. Harthun*, 195 Colo. 38, 581 P.2d 716 (1978); *Dolan v. Flett*, 41 Colo.App. 40, 582 P.2d 694 (1978); § 12–5–119, C.R.S. (1985 Repl.Vol. 5). As between attorney and client, once the judgment is obtained, nothing more need be done to cause the lien to be enforceable; however, before the lien can be enforced against third parties, notice must be given pursuant to the statute. *People ex rel. MacFarlane v. Harthun, supra;* see § 12–5–119, C.R.S. (1985 Repl.Vol. 5).

In the present case, Treece's attorney's lien began to accrue when Treece commenced representation of the petitioner in the dissolution action in January 1983. From that moment on, the lien was enforceable against any monies or property which became due and owing to the petitioner as a result of Treece's efforts as petitioner's attorney. Thus, the lien attached automatically, without notice to the petitioner, to the proceeds of the tax refund. But for petitioner's intervening bankruptcy, the lien would have been enforceable in the dissolution action upon Treece's withdrawal as petitioner's attorney. *See Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977); *Seitz v. Seitz*, 33 Colo. App. 180, 516 P.2d 654 (1973).

Unfortunately for Treece, the petitioner's bankruptcy filing on November 26, 1984, prevented Treece from taking any action intended to "perfect or enforce against property of the debtor [a] lien ... which secure[s] a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5) (1982). By filing its notice of attorney's lien on April 17, 1985, Treece violated the automatic stay provisions of 11 U.S.C. § 362, the notice was void, and the lien remained unperfected against third

parties without actual notice. *In re Storage Technology Corp.*, 45 B.R. 363 (Bankr. D.Colo.1985); *see In re Nicholson*, 57 B.R. 672 (Bankr.D.Nev.1986). Thus, the lien, although valid and enforceable between Treece and the petitioner, could have been avoided by the bankruptcy trustee pursuant to 11 U.S.C. § 545(2).

In order to exercise this avoidance power, however, the trustee was required to file an adversary proceeding under the Rules of Bankruptcy Procedure 7001. *In re Storage Technology Corp.*, *supra*. Because the trustee failed to do so, Treece's attorney's lien survived the petitioner's discharge in bankruptcy. Thus, the tax refund proceeds are still subject to the lien, even though petitioner's personal obligation on the underlying debt was discharged. *See In re Andrews*, 22 B.R. 623 (Bankr.D.Del.1982); *In re Adkins*, 7 B.R. 325 (Bankr.S.D.Cal.1980).

Accordingly, the trial court erred in ruling that Treece's lien was discharged in bankruptcy because the court believed, incorrectly, that Treece, a statutory lien claimant, had to object to the discharge in order to preserve the lien. On the contrary, it was the petitioner or the trustee in bankruptcy who was required to take some affirmative act in order to avoid the lien. This was not done.

Treece also contends that the trial court erred in disposing of the tax refund proceeds without notifying Treece and allowing it to appear in the dissolution action to enforce its lien. We agree.

An attorney's charging lien may be enforced in the action which gave rise to the lien. *In re Marriage of Weydert*, 703 P.2d 1336 (Colo.App.1985). Absent notice to all parties involved, however, it is error for the trial court to enter orders affecting the lien rights of the charging attorney. *In re Marriage of Weydert, supra; Seitz v. Seitz, supra.* In a dissolution of marriage action giving rise to an attorney's lien, the lien may be enforced against marital property prior to division of the property by the permanent orders. *See In re Marriage of Weydert, supra.*

Treece has a valid enforceable lien against the tax refund proceeds which were obtained through its efforts. The record does not disclose any other valid, enforceable interest in these proceeds, except that of the parties to the dissolution action. Accordingly, Treece is entitled to payment of the full amount of its lien out of these proceeds prior to division and distribution to the parties.

The order denying Treece's motion to amend or alter judgment is set aside, and the cause is remanded to the trial court with directions to determine the nature and extent of Treece's lien and for such further proceedings as may be necessary in accordance with this opinion.

TURSI and JONES, JJ., concur.