**Melville W. BEARDSLEY**

v.

**Christopher S. COCKERELL (two cases).**
**No. Misc. 8–65.**

United States District Court
District of Columbia.
April 28, 1965.

---

Irving R. M. Panzer, Washington, D. C., for A. Fred Starobin.

Francis C. Browne, Browne, Schuyler & Beveridge, Washington, D. C., for Melville W. Beardsley.

JACKSON, District Judge.

This was a motion on behalf of A. Fred Starobin, an Attorney at Law, to quash two subpoenas duces tecum served upon him by Melville W. Beardsley, a party in the above-captioned proceedings.

Testimony and argument were heard on March 5, 1965, and counsel were invited to submit briefs. The briefs having been considered, and the testimony weighed, the Court ruled that the subpoenas should be quashed.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court separately states its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. A. Fred Starobin is an attorney and a member of the bar of the District of Columbia, having been admitted to practice on December 3, 1956.

2. (a) Since his admission to the bar, Starobin has been continuously in the private practice of law, maintaining his own office and paying all his own office expenses. (b) Since the latter part of 1959, his office has been in the Munsey Building, Washington, D. C.; before that time he used the services of an answering service at 734 15th Street, N. W., to receive mail and telephone calls and to rent rooms in which to confer with clients.

3. At all times since he has been in the private practice of law, Starobin has had clients other than National Research Associates, Inc.

4. (a) In the latter part of 1958, Starobin began to do work for a corporation named National Research Associates, Inc. (b) The President of the corporation at that time was William Alper; the Vice President at that time was Melville W. Beardsley, who at times also served as Treasurer and later as President of the corporation. Mr. Alper and Mr. Beardsley were the co-founders of the corporation, and together they owned then—and still own at this time—a majority of all the outstanding stock of the corporation. (c) Beardsley was the inventor in a number of patent applications for devices called "air cushion vehicles", around which the business of National Research Associates, Inc., was formed.

5. At all times, the office of National Research Associates, Inc., was in Maryland, originally in College Park and subsequently in Laurel.

6. The work performed by Starobin for National Research Associates, Inc. beginning in the latter part of 1958, consisted of three different services—legal patent work; legal non-patent work; and serving as Secretary of the corporation. For doing all of this work, Starobin was to receive the sum of $100.00 per week, for which he was to devote such amount of time to the corporation as in his estimation would be applicable to compensation of $100.00 per week. Social security payments and income tax were withheld by the corporation from the $100.00 per week compensation.

7. Starobin performed the above-described services for the corporation, at the agreed compensation of $100.00 per

week, until June of 1962. At that time, he informed the officers of the corporation that his work for the corporation, particularly the legal patent work, had increased to the extent that it was interfering with his work for other clients and the compensation of $100.00 per week arrangement was insufficient to compensate him adequately.

8. In June of 1962, pursuant to the discussion noted in paragraph 7 above, Starobin entered into an agreement with the corporation, acting through Alper and Beardsley (the principal officers of the corporation), on a new arrangement for compensation for his services, under which Starobin's legal patent work would be compensated entirely separately and independently from any other services he performed for the corporation. He was to bill the corporation for his legal patent services on a time basis as an attorney, wholly apart from any other services performed for the corporation, and the compensation was not subject to social security or income tax withholding.

9. By two Powers of Attorney, one dated July 26, 1962, the other dated July 30, 1962, Beardsley appointed Starobin to be his attorney in connection with the patent applications involved in the two Patent Office proceedings in which this case is captioned, giving Starobin the power to prosecute the applications and to have all the usual powers in connection therewith. The two patent applications had been assigned by Beardsley to National Research Associates, Inc.

10. Pursuant to the new arrangement noted in paragraph 8 above, Starobin thereafter performed legal patent services for the corporation and submitted fee statements for those patent legal services, none of which has been paid to him. These services included the patent applications mentioned in paragraph 9 above and also included other patent applications assigned by Beardsley to the corporation.

11. After June of 1962, and during the period that the new arrangement for separate compensation for his legal patent work was in effect, Starobin received from Beardsley, from Beardsley's former attorneys, and from other officers of National Research Associates, Inc., the documents and items covered by the subpoenas issued by Beardsley in this matter. Those documents and items were furnished to Starobin solely for the purpose of, and in the course of, his work as a patent attorney in prosecuting the patent applications which had been assigned by Beardsley to the corporation.

12. The new arrangement agreed upon in June of 1962 between Starobin and the corporation, as set forth in paragraph 8 above, also provided that he was to continue to do non-patent legal work and to act as Secretary of the corporation for the sum of $100.00 per week, entirely apart from the compensation for his patent legal work. He continued to perform such services for the company, the compensation for this work later being increased, and there is now owed to him by the corporation for these services (non-patent legal work and serving as Secretary) an additional sum.

13. On October 9, 1964, National Research Associates, Inc., assigned to Starobin some (not all) of the corporation's patents and patent applications, under a Trust Agreement providing that, in consideration therefor, Starobin was to continue to prosecute the applications and to attempt to make arrangements for sale and exploitation of the patents and applications, and providing further that ownership of the patents and patent applications was for the ultimate benefit of the corporation and its stockholders, over and above all monies due and to be due to Starobin from the corporation for services. This assignment was accepted by Starobin not as payment but only as security for his services. Starobin did continue to prosecute and is still prosecuting patent cases on behalf of the corporation.

14. National Research Associates, Inc., reassigned to a trust for Beardsley the two patent applications here involved, on October 2, 1964.

15. Without offering to pay Starobin any of the sums owed to him by National Research Associates, Inc., the party Beardsley has issued subpoenas against Starobin demanding the production or the inspection of the materials which came into his hands as described in paragraph 11 above. Starobin has moved to quash these subpoenas, asserting an attorney's retaining lien until he is paid the monies owed him by the corporation.

## CONCLUSIONS OF LAW

1. A. Fred Starobin was professionally employed as an attorney in serving as patent attorney for National Research Associates, Inc., at least after June of 1962.

2. In the course of that professional employment, Starobin acquired after June of 1962 (and he still has) possession of the materials covered by the subpoenas issued in this case.

3. Starobin has an attorney's retaining lien on those materials which enables him to retain possession and to refuse inspection of the materials, as against the corporation, or Melville W. Beardsley or the Beardsley Trust, until he is paid the monies owed him for performing his professional services as a patent attorney after June of 1962, or until adequate security is posted to cover his claim.

4. With regard to Starobin's non-patent legal work performed for National Research Associates, Inc., both before and after June of 1962, Starobin was also employed in his professional capacity as an attorney and not as a mere employee, and the attorney's retaining lien asserted by him extends also to the monies owed to him by the corporation for this non-patent legal work.

5. It is immaterial that the monies owed to Starobin are not owed by Beardsley or the Beardsley Trust. The attorney's retaining lien runs against the property, not the person.

6. The subpoenas issued herein should be quashed.