**In re Oswald GARCIA, Debtor.**

**The NEW WORLD MARKETING CORP., Plaintiff,**

v.

**Oswald GARCIA, Defendant.**

**Bankruptcy No. 86–02645G.**
**Adv. No. 86–1273G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 27, 1987.

---

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for objector, Joseph A. Eagan.

Penelope A. Davidoff, Phillips & Phelan, Philadelphia, Pa., for plaintiff, The New World Marketing Corp.

Richard B. Perlman, Norristown, Pa., for debtor/defendant, Oswald Garcia.

## OPINION

BRUCE FOX, Bankruptcy Judge:

The narrow issue in this adversary proceeding concerns the interrelationship of Fed.R.Civ.P. 45(d) and the Pennsylvania common law attorney's "retaining lien." Plaintiff New World Marketing Corporation has subpoenaed debtor's non-bankruptcy counsel to attend a deposition at which time original documents in the attorney's possession are sought to be examined. The attorney, Clark Ladner, Fortenbaugh & Young ("Clark Ladner"),[1] has objected to the production of these documents by asserting a "charging lien."[2] A brief recitation of relevant facts is necessary.

### I.

Plaintiff and the debtor entered into an agreement whereby the debtor would sell books on consignment for the benefit of the plaintiff. In 1985, plaintiff brought suit against the debtor in state court seeking both the return of any unsold books as well as the proceeds due it from the sales, estimated at approximately $226,000.00. The debtor retained Clark Ladner who raised various defenses and counterclaims on the debtor's behalf.

In May 1986, the debtor filed a voluntary petition in bankruptcy and listed Clark Ladner as an unsecured creditor owed approximately $5,500.00. Plaintiff was listed as a contingent/disputed unsecured creditor in the amount of $300,000.00. Plaintiff filed an unsecured proof of claim in the approximate amount of $226,000.00. An objection to this proof of claim was filed.

Plaintiff, in October 1986, filed this adversary proceeding pursuant to 11 U.S.C. § 727(a) objecting to the debtor's discharge. Plaintiff's complaint in this court alleges that the debtor made undisclosed payments in favor of his wife's secured creditors, failed to disclose on his schedules the existence of a bank account and the existence of his counterclaim and also overstated the amount claimed by another disputed/contingent unsecured creditor. Plaintiff believes that if it proves these allegations, then debtor's discharge must be denied by virtue of 11 U.S.C. § 727(a)(2)(A), and (a)(4)(A). The debtor denies that he has violated section 727(a).

In the course of discovery, in connection with the objection to its proof of claim as well as the adversary proceeding, plaintiff sought to review original documents in the possession of Clark Ladner. The firm asserts that the debtor owes it approximately $5,000.00 and that it has a retaining lien on the documents in its possession unless plaintiff pays the fee owed or provides "adequate protection" for the payment of such fee. Clark Ladner believes that the subpoena should be quashed. Plaintiff asserts that it is entitled to discover, under the bankruptcy rules of procedure, all relevant, non-privileged documents in the firm's possession.

### II.

The Third Circuit has recognized the existence of Pennsylvania's common law retaining lien in favor of attorneys. "The

---

1. The individual attorney subpoenaed, Joseph A. Eagen, Esquire, is associated with Clark Ladner.

2. Clark Ladner raised a number of other objections which have been resolved by the parties, except for this remaining issue. Moreover, though it has used the term "charging lien," I understand the firm to be asserting what in Pennsylvania is more properly known as a "retaining lien."

common law general retaining lien permits the attorney to retain money, papers or other property in his possession to secure payment of costs and fees, not only in a particular case, but arising out of other professional businesses as well." *Novings v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 218 (3d Cir.1987); *accord, United States v. Fidelity Philadelphia Trust Co.*, 459 F.2d 771, 775 (3d Cir.1972).[3] The purpose of the retaining lien is to provide the attorney with a means to secure the payment of fees due from his client. However, the lien is purely a possessory lien:

> [The retaining lien] is a mere right of the attorney to retain the papers, etc. of his client in his possession until his claim is satisfied; it confers no further rights and is valuable to the attorney in proportion to the extent that such retention by him will embarrass the client, that is to say, he cannot sell said paper, under process to foreclose his lien, as may a pledgee or mortgagee in other cases, but his lien extends only to the right to retain such papers until his debt is paid.

*In re Professional Hockey Antitrust Litigation*, 371 F.Supp. 742, 747 (E.D.Pa.1974), *quoting Smyth v. Fidelity Deposit Co.*, 125 Pa.Super. 597, 190 A. 398, 401, *aff'd per curiam*, 326 Pa. 391, 192 A. 640 (1937).

Before the passage of the Bankruptcy Code in 1978, it had been held that the retaining lien is not voided by a bankruptcy filing and that a trustee wishing to examine the debtor's prepetition records would either have to pay the attorney the amount owed or adequately protect his lien. *Matter of Browy*, 527 F.2d 799 (7th Cir.1976); *In re San Juan Gold, Inc.*, 96 F.2d 60 (2d Cir.1938). The Bankruptcy Code altered the prior law somewhat with the passage of 11 U.S.C. § 542(e). Now, the trustee

can compel a turnover of the debtor's records. However, bankruptcy courts have held that the trustee, or debtor in possession, must compensate the attorney for the value of the retaining lien to the extent it is reduced or eliminated by virtue of the trustee's examination. *See, e.g., In re Life Imaging Corp.*, 31 B.R. 101 (Bankr.D.Colo. 1983). That value may be less than the amount of the unpaid fees. *In re Oiltech Inc.*, 38 B.R. 484 (Bankr.D.Nev.1984).

Obviously, the plaintiff seeking the documents in this case is not the trustee, nor a debtor in possession, *see* 11 U.S.C. § 1107(a), and thus section 542(e) by its terms, may not apply.[4] However, Clark Ladner does not object to the turnover of its documents, (except those protected as work product or governed by attorney-client privilege); it simply wants its lien protected or its fee paid, which is the identical position it would assert if a trustee sought to examine the documents. Since the debtor's schedules show little if any distribution to unsecured creditors, this may be the only way the firm will be paid.

### III.

■ The fact that a retaining lien survives the debtor's discharge in bankruptcy does not address the issue in this case. Rather, the question is whether Bankr. Rule 9016, which incorporates Fed.R.Civ.P. 45, allows a nondebtor party in an adversary proceeding[5] to obtain relevant, nonprivileged documents in discovery when the documents are held by an attorney who is owed money by the debtor party for services rendered to the debtor. Admittedly, there are some cases which state that a retaining lien is valid as to third parties. *See Matter of Browy*, 527 F.2d at 801; *Beardsley v. Cockerell*, 240 F.Supp. 845, 848 (D.D.C.1965). Indeed, the trustee in

---

3. By contrast, a charging lien refers to funds not in the attorney's possession in which the common law establishes a lien to secure payment for services provided. *United States v. Fidelity Philadelphia Trust Co.*, 459 F.2d at 774.

4. *In re McKeesport Steel Castings Co.*, 799 F.2d 91 (3d Cir.1986) allows a creditor, in certain circumstances, to utilize Code provisions which

are otherwise limited by their terms to the trustee. I need not decide in this case whether a creditor objecting to discharge under section 727(a) can utilize section 542(e).

5. Bankr. Rule 3007 likens objections to proof of claims to adversary proceedings.

bankruptcy is a third party to whom the retaining lien applies. Nevertheless, I conclude that a retaining lien does not protect discovery sought in circumstances such as those here.

Those decisions that have allowed attorneys to assert their liens against third parties have done so when the third party is closely connected with the attorney's client and is attempting to benefit from the services provided. In such circumstances, it is inequitable to allow the third party to benefit without paying for the services. *See In re Professional Hockey Antitrust Litigation* (the two remaining plaintiffs who refused to settle cannot obtain counsel's file without paying their fair share of the fee); *Beardsley v. Cockerell* (a principal officer and shareholder could not subpoena file of corporate counsel). In fact, those courts which have denied the trustee access to the debtor's files have viewed access as aiding the debtor in reorganizing or obtaining a discharge. *See In re San Juan Gold, Inc.*

■ It is also true that the retaining lien, which at bottom is an equitable doctrine, must give way in the face of stronger public policy. For example,

Courts have recognized an exception when an important personal liberty interest of the client is at stake, as when the papers are essential to defense of a criminal charge.... Another recognized exception is personal misconduct by the lawyer, as when he has withdrawn without just cause or reasonable notice.

*Jenkins v. Weinshienk,* 670 F.2d 915, 919–920 (10th Cir.1982) (citations omitted.) *See generally* Note, *Attorney's Retaining Lien Over Former Client's Papers,* 65 Colum.L.Rev. 296, 305–307 (1961).

The *Jenkins* case may be the only reported federal court case that discusses the present issue in question. There, counsel for the defendant withdrew and refused to surrender his file to new counsel until his fees in that matter as well as other matters were paid. Although the retaining lien as to the defendant was upheld, the Court of Appeals stated:

If the only interests at stake in the instant case were those of the attorney and his clients or former clients, the case would present no problem; the lien would be allowed to stand. But also involved is plaintiff Woodworth's interest: on its face Jenkins's retaining lien is interfering with Woodworth's interest in a speedy resolution of his claims. Woodworth is not hurt, however, if the court does not permit defendants to delay the litigation more than would usually be the case when defendants switch attorneys. Furthermore, the defendants' lack of access to needed papers hurts only themselves. *If plaintiff Woodworth needs something in Jenkins's file to prove his case and it is not protected work product, he can get it by discovery or subpoena notwithstanding the attorney's retaining lien.*

670 F.2d at 920 (emphasis added).

To conclude otherwise would allow a defendant to hinder or prevent discovery of harmful documents by simply placing those documents in his attorney's possession and then discharging his counsel without first paying his fee. In other words, in this case, the state court lawsuit between plaintiff and the debtor has been stayed due to the debtor's bankruptcy filing. 11 U.S.C. § 362(a). But for that bankruptcy filing, Clark Ladner must agree that discovery in the state court lawsuit could proceed whether or not it had been fully paid by its client. No different result should follow when the client is a defendant in an adversary proceeding or when he objects to a proof of claim.

Finally, allowing discovery in this matter is not inequitable. First, the parties have agreed that the only documents to be provided are original business records which the debtor gave to his counsel. Copies of business records in counsel's possession will not be turned over, (the originals being in the debtor's possession); nor will the balance of the file, which consists of privileged and work product documents, be provided to plaintiff. The retaining lien will continue as to the debtor and this lien has

its greatest impact by denying the debtor access to the privileged documents. In sum, very few documents in Clark Ladner's file will be shown to the parties in this case. Also important is that Clark Ladner, as an unsecured creditor, may well gain if plaintiff obtains the relief it seeks in the adversary proceeding and the debtor is denied a discharge.

For these reasons, I will deny the attempt to quash the subpoena based upon the existence of a retaining lien.