In re Oswald GARCIA, Bankrupt.

NEW WORLD MARKETING CORP.

v.

Oswald GARCIA.

Civ. A. 87–1112.

United States District Court, E.D. Pennsylvania.

June 15, 1987.

Edward Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellant.

Penelope Davidoff, for appellee New World.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

New World Marketing Corporation sued Oswald Garcia in state court, claiming he had failed to turn over more than $200,000 under an agency contract for the sale of books. Garcia was represented in that action by the law firm of Clark, Ladner, Fortenbaugh & Young. In the course of that representation, Garcia turned over to the law firm certain business records.

New World attempted, through discovery, to examine these records, but the discovery was resisted. While the discovery dispute was still pending, Oswald Garcia filed a voluntary petition in bankruptcy under Chapter 7.

In the bankruptcy proceeding, Clark, Ladner was listed as an unsecured creditor to the extent of approximately $5500. New World asserted an unsecured claim in the amount of approximately $226,000, but the debtor resisted that claim.

New World filed a complaint in an adversary proceeding seeking to prevent the debtor from obtaining a discharge. The complaint charges Garcia with various wrongdoing, including alleged fraudulent transfers, concealment of assets, and false statements. In that proceeding, New World sought to depose Garcia, and issued a subpoena *duces tecum* addressed to the Clark, Ladner firm, for the production of the business records which Garcia had turned over to the law firm. Asserting an attorney's retaining lien, Clark, Ladner sought to quash the subpoena.

■ After an evidentiary hearing, Bankruptcy Judge Fox ordered the law firm to comply with the subpoena. 69 B.R. 522. The law firm has now appealed. There being no factual dispute, the scope of review is plenary.

The order appealed from does not require the law firm to produce or disclose any documents which are subject to an attorney-client or work-product privilege. And it is agreed that the documents sought are relevant and not available from any other source. The narrow question presented is whether the bankruptcy judge should have required New World to provide substitute security for payment of Clark, Ladner's fee, as a condition of the disclosure order.

■ The thorough opinion of Bankruptcy Judge Fox adequately reviews the relatively few reported decisions on the subject. Certainly, as between attorney and client, the attorney is entitled to retain the file, including all documents supplied by the client, as security for payment of the fee. The only exception would be where some fundamental right of the client would be impaired by recognizing the lien, as where the documents are needed by the client to defend himself against criminal charges, or where there are overriding issues of public policy.

■ On the other hand, Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45, hence the usual principles of free and open discovery are applicable. Thus, on the one hand, Clark, Ladner is entitled by virtue of its lien to retain possession of the file, and that obviously includes possession of the information contained in the documents; and, on the other hand, a third party such as New World is also entitled to learn the contents of the file through discovery. In the circumstances of this case, I agree with Bankruptcy Judge Fox that the latter principle takes precedence over the former.

To say that an attorney's retaining lien is recognized under Pennsylvania law, and would survive discharge in bankruptcy, and that it gives the attorney a superior right of possession as against the whole world, does not necessarily mean that the value of the lien is measured by the amount of unpaid counsel fees. Indeed, as a practical matter, such liens often have very little value: they are worth the amount of money which the client can be prevailed upon to pay in order to obtain the records. Given a client in bankruptcy, with no likelihood of distribution to unsecured creditors, the lien asserted by Clark, Ladner does not represent a significant property interest.

More importantly, since the client presumably knows what the documents contain, and since the law firm would still be permitted to retain possession of the documents, allowing New World to gain access

to the documents and learn their contents would not deprive the law firm of any benefit its lien confers vis-a-vis the client. If the client needs possession of the documents, the law firm still has the benefit of retention; making the documents available to New World for inspection does not increase the client's store of knowledge about the contents of the documents.

Finally, in the context of this case, there is at least a high probability that it is the client, and not the law firm, whose interests would be advanced by quashing the subpoena. After all, if New World, aided by the documents, can prevent discharge, the law firm would stand a better chance of collecting its fee from the debtor. And the fact that Garcia and the law firm were resisting discovery even before bankruptcy lends support to the argument that a litigant should not be allowed to insulate his business records from discovery by delivering them to his lawyer and then withholding payment of the lawyer's fee.

In short, I am persuaded that Bankruptcy Judge Fox correctly analyzed the legal issues, correctly evaluated the competing interests, and correctly ordered disclosure. The order appealed from will therefore be affirmed.

See also, D.C., 72 B.R. 888.

Marc C. Sonnenfeld, Philadelphia, Pa., for debtor.

Nathan B. Feinstein, Philadelphia, Pa., for Secured Noteholders.

Doron A. Henkin, Philadelphia, Pa., for Viacom Intern.

Howard T. Glassman, Leon S. Forman, Philadelphia, Pa., for Programmers.