SUPERINTENDENT OF INSURANCE OF the STATE OF NEW YORK as Liquidator of Union Indemnity Insurance Company of New York, Plaintiff,

v.

BAKER & HOSTETLER, Defendant.

Civ. A. No. C86–1211.

United States District Court,
N.D. Ohio, E.D.

July 16, 1987.

Anthony J. Hartman, Bradford R. Carver, Hermann, Cahn & Schneider, Cleveland, Ohio, for plaintiff.

Albert J. Knopp, Thomas H. Shunk, Baker & Hostetler, Cleveland, Ohio, Gary H. Kaup, Rathman, Combs, Schaefer, Valen & Kaup, Middletown, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This is a motion by the Superintendent of Insurance of the State of New York (the "Superintendent") to compel the law firm of Baker & Hostetler ("Baker") to deliver to him the files of the Union Indemnity Insurance Company of New York ("Union Indemnity") that Baker has in its possession, as well as any other property belonging to Union Indemnity that Baker may have. For the reasons stated below, Baker is ordered to deliver to the Superintendent any files of Union Indemnity it has in its possession; it is also ordered to deliver to the Superintendent all property of Union Indemnity in excess of Baker's alleged offset.

## FACTS

On July 16, 1985, the Superintendent requested the Supreme Court of the State of New York to place Union Indemnity in liquidation, under New York Insurance Laws Article 74 (Consol.1985). That court granted this request on July 16, 1985 and entered an order of liquidation. The court stated in part, that "all ... persons having any property or records belonging to Union

Indemnity, are hereby directed to [deliver them] to the superintendent, ... and that any [persons] having any books, papers or records relating to the business of [Union Indemnity] shall preserve the same and submit them to the superintendent ... for examination at all reasonable times...." Order at page 7.

Baker had previously performed legal services for Union Indemnity for which it was still owed payment. Claiming an attorney's lien on the documents and property, Baker has refused to deliver them to the Superintendent. Baker also claims a right of set-off against the money it is holding for Union Indemnity, a claim which this Court has rejected and which is now on appeal to the Sixth Circuit. The Superintendent has moved for summary judgment on the issue of whether Baker may retain the records and other property it has in its possession, regardless of any attorney's lien it may have, and also has moved for a permanent injunction against Baker from interfering with the order of liquidation.

## CONCLUSIONS OF LAW

### I. *The Union Indemnity Records*

■ Both Ohio and New York have passed very similar versions of the Uniform Insurer's Liquidation Act. The act, only eight sections long, is incorporated in both states' insurers supervision, liquidation, and rehabilitation statutes. The liquidation order, in accordance with § 7409 of the New York Insurance laws, (Consol. 1985), gives the Superintendent the right to recover all of the books, accounts and records of Union Indemnity "wherever located." The Ohio Revised Code § 3903.-52(A) (Anderson 1987), relating to the obligations of Ohio residents to foreign superintendents, is also very clear on this point—regardless of any lien Baker may have in the books, accounts or records of Union Indemnity, it must turn those documents over to the Superintendent:

> The [Superintendent] shall ... be vested by operation of law with the title to ... all of the books, accounts and other records of the insurer located in this state.... The [Superintendent] shall have the immediate right ... to obtain possession of the books, accounts, and other records of the insurer located in this state.

This is not a harsh or unusual rule; note that the Federal Bankruptcy Code would permit the same result. 11 U.S.C. § 542(e).

■ By delivering the records to the Superintendent, Baker does not lose any security interest it may have in those records. The recently decided case of *Fabe v. Merchants and Manufacturers Ins. Co.*, Case No. 86 CV-07-4442 (Ohio Court of Common Pleas, Franklin County, 1986) is precisely on point. There, the court ordered an Ohio law firm to deliver to the Ohio Superintendent of Insurance the files of a liquidating Ohio insurance company, despite the law firm's attorney's lien. The court interpreted the insurers supervision, liquidation, and rehabilitation act, Ohio Rev. Code §§ 3903.-01—3903.59 (Anderson 1987) (the "Act"), to require the delivery of the records to the Ohio Superintendent. § 3903.21(A)(14). The court then noted that delivering the records would not constitute a "surrender" within the meaning of § 3903.41(B) (thereby converting the firm's secured claim into an unsecured one), and that § 3903.06(E)'s specific preservation of "otherwise existing legal rights" applies to attorney's liens.

As in *Fabe*, Baker is asking this Court to find that the common law attorney's lien [1] should override the statutory provisions of the insurers supervision, liquidation, and rehabilitation act. The court in *Fabe* noted that the attorney's lien must yield to prevailing public policy, in this case provided by the Act. Although the Act does not specifically mention attorney's liens, it does state that it is to be construed liberally to protect "the interests of insured, claimants, creditors and the public generally." §§ 3903.02(C), (D). This goal requires that Union Indemnity's records be delivered to

---

1. In Ohio, the attorney's lien has not been recognized by statute but is purely a creature of common law. *Foor v. Huntington Nat'l Bank,* 27 Ohio App.3d 76, 79, 499 N.E.2d 1297, 1301 (Ohio App.1986).

the Superintendent, despite any attorney's lien which Baker may have in them. This Court would further note that the Ohio legislature must be presumed to have known what it was doing when it passed the Act, and that the Act clearly states that the records shall be returned.

Baker argues that the result in *Fabe*, an unpublished opinion, is inconsistent with the earlier decision in *Foor*, 499 N.E.2d 1299, a published opinion of the appellate court, and that *Foor* should control. The court in *Foor* held that the attorney *was* required to turn over to the debtor the records in which he had a retaining lien, but that the debtor would be required to give security for the payment of any amount found due. The rationale of requiring security is to assure the attorney that he will be paid "in the event that he seeks and obtains a judgment for the fees remaining unpaid."

This Court notes that the individual in *Foor* was not insolvent, and so the question of conflict with the federal bankruptcy code or analogous Ohio statutes did not arise.[2] This Court also notes that there may be some question of whether requiring security in this case would not violate the Act's rules against preferences. Moreover, the purpose of requiring security in *Foor* was to ensure that the attorney would be paid. If Baker is found to have a security interest in the records, it will be treated as a secured creditor, and will be paid the full amount due. This Court has no doubt that the Superintendent will follow New York law and pay Baker everything to which it is entitled. Thus, *Foor* is not in conflict with *Fabe*, nor with this Court's decision today. Rather, they all achieve a common result: protecting the debtor's interests by allowing it access to its records, while protecting the creditor's interests by assuring it the payment to which it is entitled.

## II. *The Property*

According to Baker, it has in its possession the following property relating to Un-

ion Indemnity: mortgages and/or property interests taken as collateral in connection with various bonds; certificates of deposit taken as collateral in connection with a certain bond; and trust account funds in the amount of $371,144.96. Defendant's Brief in Support of its Motion to Join New Counterclaim Defendants, Schedule A. It is against this property (as well as against the records discussed above) that Baker is asserting an attorney's lien, and in which a third party, John H. Spencer, Inc. ("Spencer"), is asserting an interest.[3]

Baker refuses to deliver this property to the Superintendent on two theories: first, that it has a right of set-off to the extent of the fees owed it, approximately $300,000; and second, that there is a dispute as to the exact ownership of the property. As noted above, this Court has already rejected Baker's right of set-off; however, Baker's appeal on this matter is currently pending before the Sixth Circuit.

If the Sixth Circuit reverses this Court, Baker will have an offset of approximately $300,000 and will be required to deliver to the Superintendent only the balance. N.Y. Ins.Law § 7427 (Consol.1985). Baker does not have a right to any assets above the amount of its claimed offset. Thus, it must return to the Superintendent all of Union Indemnity's property above the amount of Baker's claimed attorneys' fees.

As for any property which Baker is holding in which other persons claim interests, Ohio law specifically provides that all claims of Ohio residents against that property shall be filed with either an Ohio ancillary receiver, and there is none in this case, or with the New York Superintendent. Ohio Rev.Code § 3903.56(A) (Anderson 1987). Thus any other interests in the property which Baker has in its possession should be decided by the New York court which is handling this liquidation. Also, any interests third parties may have in that property would not be altered by the fact

---

2. The New York supervision, liquidation, and rehabilitation act is the only bankruptcy statute which applies to Union Indemnity.

3. Spencer has filed suit in the Hamilton County, Ohio Court of Common Pleas.

that the property would be in the possession of the Superintendent.

Thus, pursuant to the liquidating order, Baker is ordered to deliver to the Superintendent all property relating to Union Indemnity which it may have in its possession, except that it may retain the amount of its offset claim until its appeal is decided by the Sixth Circuit. If that court rejects Baker's claim, it is hereby ordered to deliver that property to the Superintendent. Baker must also deliver to the Superintendent all books, accounts and records it may have relating to Union Indemnity. Baker may, of course, assert any claim it may have against any of this property in the New York court which is hearing this liquidation.

Judgment for the plaintiff.

IT IS SO ORDERED.

## ORDER

The court has filed its memorandum and order granting plaintiff's motion for summary judgment. Therefore, pursuant to the liquidating order,

IT IS ORDERED that Baker & Hostetler deliver to the Superintendent all property relating to Union Indemnity which it may have in its possession, except that it may retain the amount of its offset claim until its appeal is decided by the Sixth Circuit.

IT IS FURTHER ORDERED that if the Sixth Circuit rejects Baker & Hostetler's claim, the defendant shall deliver that property to the Superintendent.

IT IS FURTHER ORDERED that Baker & Hostetler deliver to the Superintendent all books, accounts and records it may have relating to Union Indemnity.

IT IS FURTHER ORDERED that Baker & Hostetler may assert any claim it may have against any of this property in the New York court which is hearing this liquidation.