**In re David C. and Anne G. BANKS, Debtors.**

**Bankruptcy No. 88–983–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 3, 1989.

Don M. Stichter, Tampa, Fla., for debtors.

Charles V. Barrett, Tampa, Fla., for movant.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

### ORDER ON MOTION FOR RECOGNITION AND APPROVAL OF CHARGING LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a "Motion for Recognition and Approval of Charging Lien" filed by Charles V. Barrett, P.A. At the duly scheduled hearing, the Court heard argument of counsel, considered the record, and finds the pertinent facts to be as follows:

Charles V. Barrett (Barrett) is an attorney who was retained by David and Anne Banks (Debtors) prior to the commencement of this case to institute a lawsuit on their behalf seeking to set aside a transfer of real estate made by the Debtors to one Alan Sandefur (Sandefur). In March 1984 Barrett on behalf of the Debtors obtained a final judgment in their favor against Sandefur in the amount of $182,951.31, plus attorneys' fees and costs. The final judgment revested title to the real property to the Debtors. It appears that the final judgment was appealed by Sandefur. On appeal the judgment was affirmed. Barrett contends that he is owed $5,384.21 in connection with the representation of the Debtors in the appeal. Before the Debtors were able to seize any properties of Sande-

fur to satisfy the judgment, Sandefur transferred his only real property he owned to a third party and in effect became judgment proof.

Thereafter, Barrett filed two additional lawsuits on behalf of the Debtors, one against the party to whom the transfer of the real property was made. The first was based on a claim of the Debtors that the transfer was fraudulent; the second was based on a claim of negligent lending by the Regency Bank. In April 1986 the fraudulent transfer lawsuit was settled in the amount of $5,000.00. The settlement was paid to Barrett, postpetition, who is currently holding same in his trust account. These monies are the subject of Barrett's claim of charging lien. In connection with that lawsuit Barrett claims he is owed $882.00 for fees. The second lawsuit against Regency Bank resulted in a final judgment in favor of the Bank. That final judgment is currently on appeal by the Debtors.

On February 24, 1988, the Debtors filed their Petition for Relief under Chapter 11 of the Bankruptcy Code. On May 17, 1988, this Court entered an Order Authorizing the Appointment of Barrett as special counsel for the Debtors for the purpose of prosecuting the appeal on behalf of the Debtors in their initially unsuccessful action against the Regency Bank. It further appears that on June 20, 1988, Barrett filed this Motion for Recognition and Approval of Charging Lien [sic] under consideration alleging that he is a creditor of the estate in the amount of $17,951.33 representing fees earned in connection with legal services performed by him on behalf of the Debtors pursuant to a contract entered with the Debtors, according to which he was to be paid $90.00 per hour for all the time he spent on legal services prosecuting all actions on behalf of the Debtors. In his Motion, Barrett seeks the imposition of charging lien or, in the alternative, a retaining lien against the $5,000.00 currently held in his trust account in partial satisfaction of his claim for approximately $18,000.00 representing fees claimed to have been earned by him for all the legal work performed by him on behalf of the Debtors.

In opposition to Barrett's claim of lien, the United States Trustee contends that Barrett has not established a valid charging lien against the monies held in escrow because he failed to either 1) establish that he filed a notice of lien, or 2) that the Debtors and he had reached an agreement that he would be paid out of recovery, requirements which the United States Trustee contends are necessary for the establishment of a valid charging lien. It appears that the Debtors have not objected to any claim of lien made by Barrett on these funds nor have they demanded any turnover of these funds to the Debtor-in-Possession.

It is well established that the law of the State where the debtor's property is situated generally governs the validity, nature and effect of any liens on the property in question. *Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293. Accordingly, Florida law will govern as to whether Barrett has a valid attorney's lien on the $5,000.00 in his trust fund since Florida is both the situs of the fund and the place where the judgment was entered. The Supreme Court has recognized the existence of charging and retaining liens in favor of attorneys. The common law charging lien permits the attorney to have his fees and costs due to him for services rendered in connection with a particular lawsuit secured by the judgment or recovery from such lawsuit. *Daniel Mones, P.A. v. Smith,* 486 So.2d 559 (Fla.1986) In order for a charging lien to attach, there must be a specific judgment fund or res to which the lien could attach. *Gay v. McCaughan,* 105 So.2d 771 (Fla.1958); *Dowda and Fields, P.A. v. Cobb,* 452 So.2d 1140 (Fla. 5th D.C.A.1984). A retaining lien is purely a possessory lien giving the attorney the right to retain possession of his client's books, documents, money or any other property which comes into the attorney's hands during the course of his employment until the balance due for the attorney's services is paid. *Daniel Mones, supra.*

It is also well established that an attorney's lien survives bankruptcy. *In re*

*Garcia,* 69 B.R. 522 (Bkrtcy.E.D.Pa.1987); *In re Sacerdote,* 74 B.R. 487 (Bkrtcy.E.D. Pa.1987); *In re TLC of Lake Wales,* 13 B.R. 593 (Bkrtcy.M.D.Fla.1981) Even though the recovery is received postpetition, a charging lien attaches to the recovery and relates back to the commencement of the attorney's services in connection with that particular lawsuit in which the recovery had its genesis. *In re E.C. Ernst, Inc.,* 4 B.R. 317 (Bkrtcy.S.D.N.Y. 1980).

Based on the foregoing, this Court is satisfied that Barrett has a valid charging lien against the $5,000.00 currently held in his trust account because he performed services and expended costs in connection with the lawsuit from which the $5,000.00 was recovered. However, this Court is equally satisfied that his lien against the fund is recognized only to the extent of the fees charged by him in connection with the lawsuit which produced that $5,000.00 recovery. In other words, his lien is recognized to the extent of $882.00. As to Barrett, services rendered prepetition in connection with the initial lawsuit resulting in a money judgment for the Debtors, Barrett is entitled to a charging lien with respect to that judgment. As for his services rendered in connection with the prosecution of the Debtor's appeal of the state court judgment, this Court is aware and the record reveals that Barrett has made application for such fees and has been awarded compensation by this Court for same.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Barrett has a valid charging lien in the amount of $882.00 against the $5,000.00 currently held in his trust account.

DONE AND ORDERED.