In re STUDEBAKER'S OF FORT LAUDERDALE, INC., Debtor.

Bankruptcy No. 86–07270.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

June 20, 1989.

Sandra P. Stockwell, Broad & Cassel, Tallahassee, Fla., for movant.

Elizabeth Stuldreher, Asst. U.S. Trustee, Atlanta, Ga.

## ORDER ON ATTORNEY'S FEES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

Special counsel, the law firm of Broad and Cassel (the attorneys), moves the Court for an award of attorney's fees in the amount of $65,300.04, and requests a charging lien on assets of the bankruptcy estate. The parties generally agree the attorneys are entitled to fees based on their contingent fee contract which was approved earlier by the Court. The United States Trustee objects to the request for a charging lien to guarantee payment of attorney's fees. He argues administrative expenses, including attorney's fees, must be paid by the priority set forth in Section 507 of the Bankruptcy Code. The Court conducted a hearing on April 5, 1989.

This case was filed as a Chapter 11 on December 30, 1986, and was converted to a Chapter 7 case on December 12, 1988. On March 24, 1987, the Court approved the employment of the attorneys as special counsel to the Debtor. They filed suit to recover estate property wrongfully held by the Debtor's former landlord under a state court order of eviction. The Court approved a contingent fee contract which provided for attorney's fees in the amount of 33⅓% of the value of the property or other sums recovered for the estate. A judgment was entered for turnover of property valued at $197,878.90, resulting in the fee requested of $65,300.04. A portion of the property was recovered and stored in a warehouse and a substantial part was destroyed by fire on July 3-4, 1988. The Trustee has filed a claim with the insurance carrier, but payment of the claim has not yet been made. This Court also recommended sanctions and damages against the Defendants for withholding assets of the estate. The recommendation for sanctions has not yet been ruled upon by the District Court. The attorneys also request additional attorney's fees based on a percentage of the sanctions and damages, if awarded by the District Court.

Section 328(a) of the Bankruptcy Code, authorizes the employment of professional persons on any reasonable terms, including a contingent fee basis. After the conclusion of such employment, the Court may

> ... allow compensation different from the compensation provided ... if such terms prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

The Court finds no change in circumstances indicating a contingent fee is not appropriate, and will determine the amount of attorney's fees based on the contract.

Under the circumstances of this case, the Court will base the fee award on the amount realized by the estate after liquidation of the remaining assets recovered, collection of the insurance proceeds, and the damages and sanctions award, if any.

The attorneys argue they have a charging lien under state law which entitles them to payment of their attorney's fees before any administrative expenses or creditors claims are paid. Florida law recognizes charging liens as

> an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of the attorney.

*Sinclair, etc. & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1384 (Fla.1983) (citations omitted). The charging lien is based on common law, and is perfected by timely notice. *Sinclair, supra,* at 1385. The attorneys filed a notice to perfect their charging lien subsequent to the recovery of the estate property. They argue a perfected charging lien supercedes the payment priorities established by the Bankruptcy Code.

Numerous cases recognize an attorney's charging lien for work performed prior to the filing of a bankruptcy petition. *Matter of TLC of Lake Wales, Inc.,* 13 B.R. 593 (Bkrtcy.M.D.Fla.1981); *In re Garcia,* 69 B.R. 522 (Bkrtcy.E.D.Pa.1987); *In re Sacerdote,* 74 B.R. 487 (Bkrtcy.E.D.Pa. 1987); *In re Banks,* 94 B.R. 772 (Bkrtcy.M. D.Fla.1989). Bankruptcy does not invali-

date a charging lien perfected prior to the filing of the petition. *In the Matter of Armando Gerstel, Inc.*, 43 B.R. 925, 930 (Bkrtcy.S.D.Fla.1984).

■ The cases cited by special counsel do not address post-petition contingent fee contracts for work completed after the bankruptcy filing. The Court can find no authority for allowing a post-petition charging lien to displace the payment priorities of Section 507 of the Bankruptcy Code. *See, In re Southern Commodity Corp.*, 96 B.R. 392 (Bkrtcy.S.D.Fla.1989) (court has no implied authority or equitable power to exceed statutory authority in distribution of bankruptcy estates).

Indeed, good sense and the plain language of the Bankruptcy Code advise otherwise. The Code clearly contemplates the payment of expenses incurred in collecting and distributing the assets of the bankruptcy estate. Congress specifically set forth in Section 507 the priority by which those expenses shall be paid. The attorneys provide no persuasive grounds why their claims should be treated any differently than other administrative expenses simply because they were appointed special counsel.

Accordingly, it is

ORDERED the attorneys will be awarded one-third of the value of the assets liquidated, the insurance proceeds collected, and the sanctions and damages, if any, awarded by the District Court, as a reasonable attorney's fee. Payment of the fee will be accorded an administrative priority pursuant to Section 507 of the Bankruptcy Code. The attorneys, as administrative claimants, will be given notice of any proposed sales of assets of the estate or the settlement of claims.

ORDERED.