641 A.2d 7

Cynthia M. MALESKI, Insurance Commissioner of the
Commonwealth of Pennsylvania, by Her Deputy,
Ronald E. CHRONISTER, Plaintiff,

v.

CORPORATE LIFE INSURANCE COMPANY, Defendant.

Commonwealth Court of Pennsylvania.

Heard March 22, 1994.

Decided March 25, 1994.

Publication Ordered April 11, 1994.

Jerome J. Shestack, Zachary L. Grayson and Linda J. Wells, for plaintiff.

Peter J. Tucci, Michael L. Browne, Denise Pallante and Richard A. Sprague, for defendant.

James D. Golkow, Patrick J. O'Connor, Gerianne Hannibal and Douglas B. Lang, for intervenor, Berry & Martin.

PELLEGRINI, Judge.

The law firm of Berry & Martin (Berry & Martin), former counsel to Corporate Life Insurance Company (Corporate Life) moves for reconsideration of this Court's order of March 9, 1994, regarding the disposition of nineteen sealed boxes of documents from files relating to its representation of Corporate Life. Berry & Martin now contends that it is entitled to retain all files related to its representation of Corporate Life because non-payment of its bills has given it a common law retaining lien on those files.

On February 18, 1994, following a determination that the corporation was insolvent within the meaning found in the Insurance Department Act (Act),[1] this Court ordered that Corporate Life, a Pennsylvania stock life insurance company, be dissolved and liquidated and the Insurance Commissioner be appointed Statutory Liquidator. In addition to the Order of Liquidation, this Court also directed that all files pertaining to Corporate Life be turned over to the law firm of Wolf, Block, Schorr and Solis–Cohen (Wolf, Block) acting on behalf of the Statutory Liquidator. After Wolf, Block determined

1. Act of May 17, 1921, P.L. 789, as amended, 40 P.S. § 221.14.

that Berry & Martin had served as legal counsel to Corporate Life, representatives of Wolf, Block demanded that all Berry & Martin files pertaining to the corporation be turned over.

In compliance with this Court's order, Berry & Martin turned over all Corporate Life files in its possession, but sealed nineteen boxes of documents, asserting immunity under the attorney-client privilege on behalf of both Corporate Life and its former directors and officers, as well as the work-product doctrine on its own behalf. Berry & Martin then filed a motion for reconsideration of the February 18, 1994, order, essentially seeking a protective order regarding the contents of the nineteen sealed boxes. At issue in that motion for reconsideration were three questions dealing with whether Berry & Martin could withhold documents relating to Corporate life. Specifically raised were:

1) Whether the former managers of Corporate Life could claim Corporate Life's attorney-client privilege in any documents in those files;

2) Whether former directors and officers of Corporate Life could claim a privilege separate from that of the corporation in any documents in those files; and

3) Whether Berry & Martin could assert a proprietary work-product privilege in those files.

On March 9, 1994, this Court issued an Order granting Berry & Martin's Petition for Reconsideration in part. In doing so, we held:

1) The ability to assert any attorney-client privilege with respect to documents in which Corporate Life could have claimed a privilege had passed to the Statutory Liquidator and that former officers and directors of Corporate Life could not assert such a privilege;

2) That Berry & Martin could not withhold any documents from the Statutory Liquidator on the basis of any work-product privilege; and

3) That the former officers and directors of Corporate Life could potentially assert attorney-client privilege as to any communications they could prove were made to Berry &

Martin in their individual, as opposed to corporate capacities.

This Court then ordered that an inventory be taken of the nineteen sealed boxes to permit Berry & Martin to identify those documents in which it could assert a personal attorney-client privilege on behalf of the former officers and directors of Corporate Life.

Berry & Martin filed the instant motion for reconsideration which we granted in part by order limiting the reconsideration to the issue of whether Berry & Martin would be entitled to withhold the contents of its Corporate Life files on the basis of an attorney's retention lien. That argument was not raised previously and is presently the only issue before us.

Berry & Martin contends that because it has not been paid approximately $500,000 for legal work done on behalf of Corporate Life, Pennsylvania law gives it the right to retain all Corporate Life files in its possession, and consequently, it may refuse to turn those files over to the Statutory Liquidator.[2] The Statutory Liquidator disputes whether Berry & Martin can assert such a lien, but contends that even if it can, the authority it has to take possession of Corporate Life files under the Act is paramount to such a lien. Moreover, it contends that Kevin Berry, a principle in Berry & Martin, was also an officer of Corporate Life acting as in-house counsel to the insurer and knew that Corporate Life was insolvent when it billed the insurer over $500,000. The Statutory Liquidator contends that to the extent Berry & Martin could exercise any lien, that lien would constitute a voidable preferential transfer under 40 P.S. § 221.30(a)(iv).

Pennsylvania recognizes the equitable right of an attorney to retain possession of documents, money, or other

---

2.  While in reality, Berry & Martin's Corporate Life files, those contained in the nineteen sealed boxes, are already in the possession of the Statutory Liquidator, we recognize that Berry & Martin's relinquishing the files was in compliance with this Court's order and was involuntary. Under such circumstances, Berry & Martin has not waived any retaining lien it might have. c.f. *Silverstein v. Hirst*, 376 Pa. 536, 103 A.2d 734 (1954). We therefore continue to refer to Berry & Martin's right to "retain" those files.

property coming into an attorney's possession by virtue of the professional relationship until the lawyer voluntarily surrenders them or has been paid for his services. *Smyth v. Fidelity & Deposit Co.,* 125 Pa. Superior Ct. 597, 190 A. 398, *aff'd,* 326 Pa. 391, 192 A. 640 (1937). It is an equitable, passive lien, without the power of enforcement or sale and valuable only to the extent that the attorney's retention of a client's files will embarrass the client. *Id.* An attorney's retaining lien has no value to the attorney in and of itself. Rather, its value lies in the need of the client for its files. Berry & Martin may therefore be well entitled to assert such a lien, and may be entitled to payment for the services it rendered from the proceeds of the liquidation. However, even assuming that Berry & Martin can prove a valid interest in Corporate Life's files and is entitled to payment, such a purported attorney's lien, as a matter of law, does not act as a bar to a statutory liquidator taking possession of those files prior to the distribution of the proceeds of the insurer in liquidation proceedings under the Act.

In entering into a professional relationship with Corporate Life, Berry & Martin undertook to represent a client engaged in possibly the most regulated field of business in the Commonwealth: the selling of life insurance. By representing a business engaged in the sale of life insurance policies, Berry & Martin took on a client with full knowledge that it was regulated in every aspect of its operation, and subject to regulatory liquidation if need be for the "protection of the interests of the insureds, and the public generally." 40 P.S. § 221.1.

Berry & Martin's ability to retain Corporate Life's legal files is vitiated by two provisions of the Insurance Department Act relating to the power and authority of the statutory liquidator to recover the papers of a liquidated insurer. 40 P.S. § 221.20(c) provides that:

> The liquidator shall be vested by operation of law with the title to all of the property, contracts, and rights of action and all of the books and records of the insurer ordered liquidated, wherever located, as of the date of the filing of

the petition for liquidation. He may recover and reduce the same to possession....

In addition, 40 P.S. § 221.23(14) specifically gives the statutory liquidator the power to:

remove any or all records and property of the insurer to the offices of the commissioner or to such other place as may be convenient for the purposes of efficient and orderly execution of the liquidation.

These sections form part of a comprehensive regulatory scheme which speaks directly to the power of a statutory liquidator to gain access to those non-privileged documents which may assist in the Act's goal of maximizing the assets of a liquidated insurance company for distribution to the insureds.

Under the New York version of the Uniform Insurer's Liquidation Act containing provisions virtually identical to those found in the Act, the Federal District Court for the Northern District of Ohio addressed the issue presented here. In *Superintendent of Insurance of the State of New York v. Baker & Hostetler,* 668 F.Supp. 1054 (N.D.Oh.), *aff'd without opinion,* 826 F.2d 1065 (6th Cir.1987), the statutory liquidator sought possession of the liquidated insurer's files from its pre-liquidation law firm. The firm had refused to deliver the files, asserting that the insurer's non-payment of approximately $300,000 in legal fees entitled it to retain them under a common law attorney's lien. *Id.* at 1055. In ordering the law firm to turn over the files to the statutory liquidator, the court relied on the language of Section 7409 of the New York Insurance Law (Consol.1985), which gave the statutory liquidator the right to recover all books, records and papers of the liquidated insurer "wherever located." *Id.* Noting that the same language appears in Section 3903.52(A) of the Ohio Revised Code, the court stated that the language is:

very clear on this point-*regardless of any lien Baker may have in the books, accounts or records of Union Indemnity, it must turn those documents over to the superintendent....*

*Id.* (Emphasis added.) The court went on to point out that by delivering the records to the statutory liquidator, the law firm would not lose any security interest it could prove in the appropriate proceeding. *Id.* at 1056.

In another case, *In re: Liquidation of Mile Square Health Plan,* 218 Ill.App.3d 674, 161 Ill.Dec. 429, 578 N.E.2d 1075 (1991), an Illinois court reached a different conclusion under distinguishing circumstances. In *Mile Square,* an attorney with no connection to a liquidated insurer and who had only performed work for the liquidated insurer on a single occasion in opening a default judgment, submitted a claim for its only bill, $2,365. *Id.* 161 Ill.Dec. at 431, at 1077. The statutory liquidator accepted the claim as that of a general creditor and demanded the surrender of the insurer's files. *Id.* While the court recognized that an attorney would be unable to exercise his lien by retaining documents if it would adversely affect the public interest, it did not apply this principle. *Id.* 161 Ill.Dec. at 433, at 1079. Instead, the court held that since the effect of assigning the attorney general creditor status would be to strip the attorney of the secured status he would have had if he retained possession of the files, the attorney would be permitted to retain them until he was either paid or adequate security was provided. *Id.* 161 Ill.Dec. at 435, at 1081. Unlike the present situation, *Mile Square* involved a lien asserted by an attorney with no prior connection to the insurer, who performed limited services in a routine matter for a relatively insignificant fee. This distinguishes that case, although not totally, from the circumstances here where Berry & Martin's proposed lien stems from ongoing representation as corporate counsel.

In any event, we think that the approach taken by the court in *Baker & Hostetler* is the better one. The entire purpose of the pervasive regulation of the insurance industry is to protect the public and policy holders. The right of the statutory liquidator to take immediate possession of the papers of an insolvent insurer "wherever located" was conferred by the express language of 40 P.S. § 221.20(c) and 221.23(14) in furtherance of that goal when it is proven that an insolvent

insurer represents a danger to the public and policyholders. 40 P.S. § 221.1. The immediate access to such documents essential to promoting that interest outweighs the added security retention of such files gives to the attorney as a creditor. Moreover, the Act offers attorneys an opportunity to mitigate any diminution of their claim by providing them the opportunity to prove their claim and seek distribution status as a creditor. 40 P.S. §§ 221.37–221.42.[3]

The power of the statutory liquidator conferred by the Act to obtain possession of the documents of an insurer in liquidation is paramount over the claim of an attorney's lien. Even if the document retrieval provisions of the Act did not supersede retaining liens, the equitable nature of such a lien would dictate that it be superseded in the face of an overriding public policy. *In re: Garcia,* 69 B.R. 522 (Bankr.E.D.Pa.), *aff'd,* 76 B.R. 68 (E.D.Pa.), *Aff'd without opinion,* 838 F.2d 460 (3d Cir.1987). In enacting the liquidation provisions of the Act, the General Assembly sought to protect the public and policyholders from an insolvent insurer through giving the statutory liquidator the power necessary to maximize the liquidated insurer's estate. 40 P.S. § 221.1. Achieving this important goal requires that the statutory liquidator be able to gain access to the papers of the insurer, including its legal files. In *Garcia,* the Bankruptcy Court refused to permit an attorney to shield the debtor's files from discovery on the basis of a retention lien because of the necessity for full disclosure to insure that the estate would be maximized. In affirming the Bankruptcy Court, the District Court reiterated the overwhelming public policy interest at stake and aptly noted that one should not be allowed to insulate his business

3. While certainly not controlling, a similar situation arises under the Bankruptcy Code. It is generally accepted that a common law attorney's lien is not extinguished when a client files for bankruptcy. *Browy v. Bannon,* 527 F.2d 799 (7th Cir.1976). However, the Bankruptcy Code contains a separate provision which would permit the court or trustee to take possession of a debtor's files in which an attorney may assert a retaining lien. 11 U.S.C. § 542(e). The attorney may then go on to establish his right to take part in the distribution of the estate as a secured creditor and may even be entitled to adequate protection to preserve their secured claim. In essence, he maintains secured creditor status, even though he no longer has possession of the security.

records and deprive creditors of their full entitlement by delivering them to his lawyer and then withholding payment of the fee. *Garcia, supra,* 76 B.R. at 69. Accordingly, Berry & Martin's assertion of a retaining lien does not entitle them to withhold files relating to their representation of Corporate Life from the Statutory Liquidator.

Berry & Martin's right as a creditor and the priority of its claim must be resolved through the liquidation proceedings set forth in the Act. The Act provides a mechanism and procedures by which a claim against the insurer is to be submitted and its status as a creditor determined. If Berry & Martin desired to make a claim on the estate of Corporate Life, it must first file a proof of claim in accordance with 40 P.S. § 221.38. It may even attempt to prove secured creditor status in that proof of claim. 40 P.S. § 221.38(a)(5). The Statutory Liquidator may accept Berry & Martin's claim, or may dispute it as to validity, or reasonableness. 40 P.S. § 221.41. Even if the Statutory Liquidator accepts Berry & Martin's claim in full and as secured, it may still seek to avoid that claim as a preferential transfer based upon the allegations of Kevin Berry's position within Corporate Life. 40 P.S. § 221.30. Berry & Martin will have access to this Court to review any of these determinations, but only once they are made.[4] 40 P.S. §§ 221.31, 221.40, 221.43.

An appropriate order will be entered.

## ORDER

AND NOW, this 25th day of March, 1994, Petitioners' motion for reconsideration of this Court's Order of March 9, 1994, on the basis of the assertion of an attorney's lien is DENIED.

---

**4.** For this reason, we do not address the issue of whether Kevin Berry's alleged participation in the pre-liquidation management of Corporate Life would give rise to a voidable preference.